## Commonwealth ex rel. Henry C. McCormick, Attorney General, Appellant, *v.* Pittsburg Illuminating Company.

*Corporations—Gas companies—Act of April 29, 1874—Act of June 2, 1887.*

A gas company incorporated prior to the adoption of the constitution of 1874, which has accepted the provisions of the Act of April 29, 1874, P. L. 73, is entitled to exclusive privileges within the district or locality covered by its charter, as provided by the Act of June 2, 1887, P. L. 312.

*Corporations— Gas companies—Quo warranto—Act of June 24, 1895.*

A gas company incorporated prior to the adoption of the constitution of 1874, accepted in February, 1895, the provisions of the Act of April 29, 1874, P. L. 73. On May 8, 1895, another gas company was incorporated to supply gas to the locality described in the charter of the first company. Quo warranto proceedings were subsequently instituted against the second company, and the parties by written stipulation agreed that the decision should be upon the merits " whether the defendant is entitled to exercise the franchise of furnishing gas for light only ; . . . . this question to depend upon whether prior exclusive franchises vested in the " first company. *Held,* (1) that the words " prior exclusive franchises " must refer in point of time to May 8, 1895, when the defendant's charter was issued ; (2) that the stipulation of the parties was not broad enough to raise the question of the constitutionality of the Act of June 24, 1895, P. L. 266, as the question of priority on May 8 could not be affected by an act not passed until June 24, and having no retroactive words.

Argued Feb. 17, 1897. Appeal, No. 5, May T., 1897, by plaintiff, from judgment of C. P. No. 4, Dauphin Co., Commonwealth Docket, 1895, on quo warranto. Before STERRETT, C. J., GREEN, McCollum, MITCHELL, and DEAN, JJ. Reversed.

Quo warranto to determine the validity of the charter of the Pittsburg Illuminating Company.

From the record it appeared that the Consolidated Gas Company was created by special act of assembly of May 19, 1871, P. L. 1872, page 1309. Its letters patent bore date September 1,

1871, and it was governed by the provisions of the general act of March 11, 1857, P. L. 77, and its supplements, relating to gas and water companies. On February 15, 1895, this company accepted the provisions of the constitution and the corporation act of 1874, and thereupon filed a protest against the granting of the then pending application for the charter of the Pittsburg Illuminating Company, the defendant, asserting in such protest that the Consolidated Gas Company was entitled, by virtue of its acceptance of the provisions of the constitution and the act of 1874, to an exclusive right to supply gas light within the city of Pittsburg. The secretary of the commonwealth, overruled the protest of the Consolidated Gas Company, and granted the charter of the defendant company.

The defendant contended:

1. That the Consolidated Gas Company acquired no exclusive franchise by its acceptance of the provisions of the constitution and corporation act of 1874.

2. That if it did, such exclusive privilege was revoked and annulled by the Act of June 24, 1895, P. L. 226, by which all exclusive privileges of gas companies which were in existence prior to the corporation act of 1874, and which had accepted its provisions, were revoked and annulled.

The court in an opinion of SIMONTON, P. J., entered judgment in favor of the defendant.

*Error assigned* was entry of judgment for defendant.

*D. T. Watson* and *Lyman D. Gilbert*, with them *John H. Weiss, John P. Elkin*, deputy attorney general, and *Henry C. McCormick*, attorney general, for appellant.—By accepting the provisions of the constitution and of the general corporation act of 1874, the Consolidated Gas Company obtained the exclusive privilege, for a definite time, to furnish to Pittsburg and its inhabitants gas light: The Bryn Mawr Water Company, 10 Pa. C. C. 670 ; The Lansdowne Gas Company, 14 Pa. C. C. 518 ; The Suburban Gas Company, 14 Pa. C. C. 519 ; In re South Side Water Company, 36 W. N. C. 55.

The act of 1895 is a vicious piece of legislation, not intended for the public good, but prepared only in the interest of a rival company: Hays v. Com., 82 Pa. 523.

The question whether the injustice is done by any act of assembly is a judicial, not a legislative one: Iron City Bank v. Pittsburg, 37 Pa. 348; Hays v. Com., 82 Pa. 523.

*John F. Sanderson* and *James H. Reed,* with them *P. C. Knox, Walter Lyon* and *Charles H. McKee,* for appellee.—The Consolidated Gas Company acquired no exclusive franchise by its acceptance of the provisions of the constitution and the corporation act of 1874: Scranton Elec. L. & H. Co. v. Scranton Ill. H. & P. Co., 122 Pa. 175; Wagner Institute v. Phila., 132 Pa. 612; Prager v. Freeport Water Works, 129 Pa. 618; Codding v. Wood, 112 Pa. 371; Atkins v. Disintegrating Co., 18 Wallace, 272; Slidell v. Grandjean, 111 U. S. 412; Moyer v. Penna. Slate Co., 71 Pa. 293; Newton v. Commissioners, 100 U. S. 548; Chesapeake & Ohio Ry. Co. v. Miller, 114 U. S. 176; R. R. v. Commissioners, 103 U. S. 1.

If the Consolidated Gas Company acquired an exclusive franchise by its acceptance of the provisions of the constitution and the corporation act of 1874, that franchise was revoked and annulled by act of June 24, 1895 : Wheeler v. Phila., 77 Pa. 338; Com. v. Del. Div. Canal Co., 123 Pa. 594; Kilgore v. Magee, 85 Pa. 401; Kittanning Coal Co. v. Com., 79 Pa. 100; Kitty Roup's Case, 81* Pa. 211; Van Riper v. Parsons, 11 Vroom. 123; Shields v. Ohio, 95 U. S. 319; Railroad v. Maine, 96 U. S. 499; Hamilton Gas Co. v. Hamilton City, 146 U. S. 258; New York & N. E. R. R. Co. v. Bristol, 151 U. S. 556; Sinking Fund Cases, 99 U. S. 700; Tomlinson v. Jessup, 15 Wall. 454; Railway v. Sioux City, 138 U. S. 98; Louisville Water Co. v. Clark, 143 U. S. 1; State v. Weatherby, 45 Mo. 20.

OPINION BY Mr. JUSTICE MITCHELL, April 12, 1897 :

We cannot regard this case as raising in proper form for adjudication, the question of the constitutionality of the Act of June 24, 1895, P. L. 266, involving as it would the construction of the phrase in section 10 of article 16 of the constitution, that the general assembly shall have power to revoke or annul any charter of incorporation "in such manner that no injustice shall be done to the corporators."

The learned judge below appears to have thought the ques-

tion sufficiently raised by the stipulation of the parties that the decision should be upon the merits " whether the defendant is entitled to exercise the franchise of furnishing gas for light only, . . . . this question to depend upon whether prior exclusive franchises vested in the Consolidated Gas Company." But the words " prior exclusive franchises " must refer in point of time to May 8, 1895, when the defendant's charter was issued, and its franchises, whatever they were, came into existence. It is manifest that this question of priority on May 8, cannot be affected by an act not passed until June 24, and having no retroactive words, even if such words could be effectual for that purpose. The stipulation of the parties therefore is not in terms broad enough to include the question under the act of 1895, and the appellant expressly declines to have it so enlarged.

The Consolidated Gas Company was incorporated by special Act of May 19, 1871, P. L. 1872, p. 1309, but was to be organized, managed and governed as provided by the Act of March 11, 1857, P. L. 77, for the incorporation of gas and water companies. By the general corporation Act of April 29, 1874, P. L. 73, provision was made for the incorporation of gas companies, and by section 26, corporations theretofore existing for any of the purposes named and covered by the act, upon accepting its provisions, were to be " entitled to all of the privileges, immunities, franchises and powers conferred by this act." And by section 34, subsequently amended by the Act of June 2, 1887, P. L. 312, the franchises and privileges were to be exclusive within the district or locality covered by the charter, until certain dividends should be earned and divided among the stockholders. The Consolidated Gas Company in February, 1895, accepted the provisions of the act of 1874 in the manner prescribed, and letters patent were issued to it accordingly. It would seem clear therefore that on May 8, 1895, the privilege of the Consolidated Gas Company was exclusive, and of this opinion apparently was the learned judge below, as he based his judgment altogether on the repealing act of June 24, 1895. But for reasons already shown that act cannot control this case, and we must leave its constitutionality to be determined when it comes properly before us.

Judgment reversed and judgment directed to be entered for the commonwealth.